## J. J. RIDDLE *v.* JOHN LEWIS.

**Municipal Corporations—Street Improvements—Stipulation of Contractor.**
A stipulation in a contract for street improvements, that the contractor should keep the street in repair, was held not to have the effect of imposing on the property holders a double tax, but amounts to a mere requirement that the contractor guarantee the character of his work.

**Signatures—Of Wife by Husband.**
The signature of a wife attached to a petition for street improvement, by her husband with her consent, is a sufficient signing on her part.

APPEAL FROM KENTON CIRCUIT COURT.

February 28, 1873.

OPINION BY JUDGE LINDSAY:

The grade for the street was finally fixed by ordinance on the 15th day of October, 1869, and the street constructed in accordance with the legislative act and not according to the views or plans of the

city engineer. The principle upon which the decision in the case of *Hyds* & *Goose* was based does not therefore apply in this case.

The failure to establish the grade before the work was commenced and the subsequent changes made by the council resulted in annoyance to the contractor and delay in construction of the work, but added nothing to the burdens of the purchasing owners. There is nothing in the record tending to show that the work cost them more than it would have done had the grade finally adopted been established before the contractor began to work.

The engineer testifies that the cost of tearing up and replacing as much of the pavement as it was made necessary to take up by the change of grade was not charged against the property holders, hence this additional cost affords them no just ground for complaint.

The stipulation in the contract that the contractor should keep the street in repair, did not have the effect of imposing upon the property holders a double tax for repairs as to the street. It was doing nothing more than to require the contractor to guarantee the character of the work.

The proof sufficiently establishes that the petition to the council was signed by the owners of the greater number of front feet of ground abutting on the street proposed to be improved.

Noonan did not, it is true, hold the legal title to the 55 feet represented by him, but he purchased it in 1852, and has lived on it twelve years. His contract, even if it was oral, is not void, and can be avoided by no one except his vendor, Gorman, who had been continually enjoying it for more than fifteen years, when Noonan signed the petition to the council.

Macklin represented his wife, who owned 81½ feet. She assented to his act. This was a sufficient signing upon her part. Under the terms of the charter married women may sign petitions for the improvement of streets, without conforming to the solemnities necessary in the execution of deeds.

Maloney, according to the testimony, owned the property represented by him. His sister merely held the title to secure the payment of loaned money.

Stein swears directly and positively that he owns 23¾ feet set opposite his name.

From the testimony of Bennett and the conduct of Durham it may fairly be inferred that the owner did not exceed his power as

agent, when he petitioned in Durham's name for the improvement of the street.

For the same reasons, strengthened by the manner in which they held title, the right of Metcalf to represent both himself and Prather ought to be presumed.

Steer's title is unquestionable. One-half of the property owned by Rich & Rust was properly represented, without any question.

This leaves only the half of this 47½ feet, and the 23 feet owned by Cook to be deducted from the petition, even if it be incumbent on appellee to show that a proper petition had been presented to the council (about which we express no opinion). This deduction, when made, leaves a sufficient number of front feet represented by the petition to authorize the council to enact the ordinance under which the work was done.

There is evidence showing that some of the lots fronting on the street were diminished in value by the cut made in grading it, but appellant's lot is not among that number, and from all the proof it may be safely assumed that its intrinsic value was increased at least as much as the tax assessed against it.

The evidence preponderates in favor of the conclusion that the work was done in substantial compliance with the terms of the contract.

The location of the Southgate line is sufficiently definite to make it one of the points between which the street was to be improved.

Judgment *affirmed*.

*Menzier & Furber*, for appellant.

*Fisks*, for appellee.